# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MANPOWER INC.,**
        **Plaintiff,**

    v.                                            Case No. 08C0085

**INSURANCE COMPANY OF**
**THE STATE OF PENNSYLVANIA,**
        **Defendant.**

## DECISION AND ORDER

Plaintiff Manpower Inc. ("Manpower") brings this action against its insurer, the Insurance Company of the State of Pennsylvania ("ISOP"), and asserts that I have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. ISOP has brought a counterclaim against Manpower and also asserts that I have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. However, the parties have not established that they are of diverse citizenship. Both parties are corporations, and a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business – i.e., the state in which its "nerve center" or executive headquarters is located. 28 U.S.C. § 1332(c)(1); McMillian v. Sheraton Chicago Hotel & Towers, 567 F.3d 839, 845 n.10 (7th Cir. 2009); Ill. Bell Tel. Co., Inc. v. Global NAPs Ill., Inc., 551 F.3d 587, 590 (7th Cir. 2008); Wojan v. General Motors Corp., 851 F.2d 969, 974 (7th Cir. 1988). Although the pleadings establish that Manpower is a Wisconsin corporation having its principal place of business in Wisconsin (First Am. Compl. ¶ 1; Second Am. Answer & Countercl. ¶ 68), and that ISOP is incorporated under the laws of the State of Pennsylvania (First Am. Compl. ¶ 2; Second Am. Answer & Countercl. ¶ 2), the pleadings do not establish ISOP's principal place of

business.  Manpower alleges that ISOP has its principal place of business in New York (First Am. Compl. ¶ 2), but ISOP denies this allegation and affirmatively alleges that it "is licensed to conduct the business of insurance in the State of New York." (Second Am. Answer & Countercl. ¶ 2.)  However, being licensed to do business in a state is not the same as having a principal place of business in that state.  <u>Wojan</u>, 851 F.2d at 974.  Thus, the pleadings suggest a factual dispute regarding the state in which ISOP has its principal place of business.

Where jurisdictional facts are contested, the proponent of federal jurisdiction bears the burden of proving the necessary facts by a preponderance of the evidence.  <u>See, e.g.</u>, <u>McMillian</u>, 567 F.3d at 844.  In the present case, because each party has filed a claim against the other, they presumably both seek to invoke federal jurisdiction.  They therefore share the burden of establishing ISOP's principal place of business.  However, I have reviewed the record for this case and have not located any evidence regarding ISOP's principal place of business.  For this reason, the parties will be ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction.  The parties may prove that jurisdiction exists either by citing evidence already in the record that establishes ISOP's principal place of business, or by submitting new evidence that identifies ISOP's principal place of business.  This evidence should consist of an affidavit, declaration or deposition testimony by a person with knowledge of ISOP's business operations.

Accordingly, any party that believes that I have subject matter jurisdiction over this action is **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction.  That party's response must be filed within **10 days** of the

2

date of this order. Any party who disputes the jurisdictional evidence offered by the proponent of federal jurisdiction may file a response to the proponent's evidence within **10 days** after the proponent responds to this order show cause.

Dated at Milwaukee, Wisconsin, this 13 day of October, 2009.

/s_____
LYNN ADELMAN
District Judge