# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MANPOWER INC.,**
            **Plaintiff,**

      **v.**                                     **Case No.  08C0085**

**INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA,**
            **Defendant.**

---

## DECISION AND ORDER

Defendant Insurance Company of the State of Pennsylvania ("ISOP") has filed a motion to amend the scheduling order to allow it to supplement the report of its damages expert, C. Lewis.  Plaintiff Manpower Inc. ("Manpower") opposes the motion.

Under the scheduling order I entered pursuant to Federal Rule of Civil Procedure 16, the parties were required to disclose expert witnesses with reports by June 1, 2009, and to disclose any rebuttal expert witnesses with reports by June 30, 2009.  ISOP disclosed the testimony and report of C. Lewis in accordance with these deadlines.  When Manpower's counsel took Lewis's deposition, Lewis testified that ISOP had retained him for the purpose of critiquing the conclusions and methodology of Manpower's damages expert, who Manpower had retained for the purpose of calculating the amount of its business interruption loss.  Lewis further testified that ISOP had not asked him to arrive at his own opinion as to the amount of Manpower's business interruption loss and that his opinions were limited to critiquing Manpower's calculations.  (C. Lewis Dep. at 20-21, 23-25.)   In other words, ISOP retained Lewis for the purpose of identifying flaws in

Manpower's damages calculation but did not ask Lewis to formulate his own, alternative damages calculation.

ISOP now seeks to supplement Lewis's report to include an alternative calculation of Manpower's business interruption loss. However, the deadline for disclosing expert testimony has long passed, and ISOP has not shown good cause for amending the scheduling order to allow this additional opinion. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). ISOP concedes that it made a tactical decision prior to the disclosure deadline to limit Lewis to critiquing Manpower's calculation. Manpower's counsel confirmed this fact at Lewis's deposition, in which Lewis testified that ISOP did not ask him to formulate his own opinion as to the amount of Manpower's loss. For whatever reason, ISOP now regrets its decision, but that does not constitute good cause.[1]

Although ISOP contends that Manpower will not be prejudiced if ISOP is allowed to supplement the report, the absence of prejudice does not itself excuse noncompliance with procedural rules. Bender v. Freed, 436 F.3d 747, 750 (7th Cir. 2006); Floyd v. United States, 900 F.2d 1045, 1048 (7th Cir. 1990). Rather, "it is a factor offered in mitigation after another factor has caused noncompliance with the rule." Floyd, 900 F.2d at 1048. Here, ISOP has provided no good reason for its failure to comply with the disclosure deadline, and thus the absence of prejudice to Manpower does not on its own excuse

---

[1]ISOP points out that many of the documents that Lewis needed to calculate Manpower's business interruption loss were in Manpower's possession, and that it took several months for ISOP to obtain these documents from Manpower. However, ISOP did not even ask Lewis to formulate an alternative calculation until after the disclosure deadline. Thus, the delay attributable to Manpower's document production does not provide good cause for ISOP's belated disclosure.

noncompliance.  Moreover, the court has an interest in the orderly administration of its cases, and allowing parties to ignore court-imposed deadlines undermines that interest. See Pioneer Inv. Servs. Co., 507 U.S. 380, 398 (1993) (noting that "prejudice to judicial administration" is a factor to be weighed when determining whether to excuse noncompliance with a deadline); Daniels v. Brennan, 887 F.2d 783 (7th Cir. 1989) (noting that court has an interest in administrative control over its dockets and an interest in deterring litigants from engaging in dilatory behavior).  Therefore, **IT IS ORDERED** that ISOP's motion to amend the scheduling order is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19 day of April, 2010.


/s_____
LYNN ADELMAN
District Judge

3