UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MANPOWER INC.,**
        **Plaintiff,**

    v.                                                                   Case No. 08-C-0085

**INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA,**
        **Defendant.**

## DECISION AND ORDER

This insurance-coverage action arises out of the collapse of an office building in Paris, France. Right Management, a subsidiary of Manpower, Inc., leased office space in the building at the time of the collapse. The collapse caused an interruption in Right's business, and this resulted in Manpower filing a claim for business-interruption coverage with its insurer, the Insurance Company of the State of Pennsylvania ("ISOP"). (Manpower also claimed other forms of coverage, but the only coverage relevant for present purposes is business-interruption coverage.) Dissatisfied with ISOP's handling of the claim, Manpower filed the present suit

During earlier proceedings, I granted Manpower's motion for partial summary judgment and found that Manpower was entitled to business-interruption coverage. This left the issue of the amount of Manpower's loss for trial. Turning its attention to that issue, ISOP filed a motion in limine in which it argued that the opinion of Manpower's accountant, Eric Sullivan, as to the amount of the loss was inadmissible under Federal Rule of Evidence 702. I agreed and granted the motion, finding that Sullivan's opinion was

unreliable. Following this decision, ISOP filed a motion for summary judgment on the business-interruption claim, arguing that without an expert witness Manpower could not establish the amount of its loss. Manpower responded to the motion by stating that it intended to call ISOP's expert witness, Clifton Lewis, adversely during its case-in-chief. Manpower believed that Lewis had an opinion as to the amount of the loss and that Manpower was entitled to offer that opinion as its own. In response, ISOP argued that Manpower could not call Lewis adversely during its case-in-chief.

In an earlier opinion, I found that Manpower was entitled to call Lewis adversely. In the same opinion, however, I determined that I could not predict what Lewis's opinion would be if Manpower called him at trial. I therefore did not rule on ISOP's motion for summary judgment and scheduled a status conference for the purpose of determining what Manpower thought Lewis would say when called to testify. At the conference, it became clear that Manpower would not be able to compel Lewis's appearance at trial and that ISOP would not produce him voluntarily. However, Manpower stated that if Lewis would not appear at trial in person, Manpower would offer portions of Lewis's report and deposition as evidence during its case-in-chief. The parties have since filed briefs that address whether Lewis's report and deposition are admissible at trial and, if so, whether they prevent entry of summary judgment on Manpower's business-interruption claim. I address these issues below.

The report and deposition that Manpower intends to introduce at trial were produced in the summer of 2009.[1] The report itself is organized as a critique of the opinions of

---

[1] A full copy of the report can be found in the electronic record for this case at Docket #178-4. Excerpts from the deposition are scattered throughout the electronic record, but

2

Manpower's two expert witnesses, Herr Experts and Eric Sullivan. (Herr Experts was a firm that Manpower retained during its initial claim discussions with ISOP; Manpower did not designate Herr Experts as an expert witness for purposes of the present lawsuit.) Although Lewis expresses opinions about the quality of the analysis performed by Herr Experts and Sullivan, at no point in the report does Lewis offer his own opinion as to the amount of Manpower's business-interruption loss. Moreover, Lewis states in the report that before he could offer his own opinion as to the amount of the loss, he would need to be provided with certain additional information. However, at the end of the report, Lewis"recommends" that ISOP pay no more than €399,821 to Manpower in connection with the claim.[2] Manpower intends to offer this recommendation at trial as Lewis's opinion as to the amount of the business-interruption loss.[3]

     A fundamental problem for Manpower is that Lewis's "recommendation" is not an opinion that would allow a jury to reasonably determine the amount of Manpower's loss. In the report, Lewis makes clear that he does not have enough information to express an opinion as to the amount of the loss and that therefore he can do no more than critique the calculations performed by Herr Experts and Sullivan. His "recommendation" is merely that – a recommendation to ISOP about how much to pay in connection with the claim in light

---

a full copy is available in the paper record.

    [2]Actually, Lewis recommends that ISOP pay no more than €738,701, but this number includes coverage for both the business-interruption loss and extra expenses. When extra-expense coverage is subtracted, the recommendation is €399,821. (Lewis Report ¶ 9.1 & schedule 1A.)

    [3]Actually, Manpower intends to modify this recommendation by changing some of the underlying assumptions. For present purposes, it is not necessary to explain Manpower's proposed modifications.

3

Case 2:08-cv-00085-LA   Filed 09/06/11   Page 3 of 5   Document 187

of the limited information then available. Although this recommendation is an opinion, it is not an opinion that meets the requirements of Federal Rule of Evidence 702, and ISOP never intended that it serve as one. Indeed, Lewis explicitly states at various points in the report that he does not have sufficient facts or data to render an opinion as to the amount of the loss. (Lewis Report ¶¶ 8.2.34, 8.2.37, 8.2.40 & 9.4.) Moreover, during his deposition, Lewis repeatedly states that he does not have an opinion as to the amount of the loss. (Lewis Dep. at 20:16 to 20:20, 23:21 to 23:25, 25:9 to 25:15.)

Manpower points to an excerpt from the deposition in which Lewis is asked about his "determination" of the amount of the business-interruption loss based on certain assumptions. (Lewis Dep. at 32:16 to 39:15.) Manpower argues that in this excerpt, Lewis is offering an opinion as to the amount of the loss. However, even if he were, that opinion would be inadmissible under Rule 702 because it is merely the "recommendation" discussed in the previous paragraph, which was not based on sufficient facts or data. Moreover, the cited excerpt appears after Lewis testified that he had no opinion as to the amount of the loss, and thus the full context of the deposition makes clear that Lewis was simply discussing the conclusions he drew from the limited data, not changing his earlier testimony and offering an opinion as to the amount of the loss.

Accordingly, because Lewis's "recommendation" does not satisfy the requirements of Federal Rule of Evidence 702, Manpower cannot use it to establish the amount of its business-interruption loss. Because Manpower cannot otherwise establish the amount of its loss to a reasonable certainty, ISOP's motion for summary judgment on the business-interruption claim must be granted.

4

**THEREFORE, IT IS ORDERED** that ISOP's motion for summary judgment on the business-interruption claim [Docket #147] is **GRANTED**.

**IT IS FURTHER ORDERED** that Manpower's motion to file a sur-reply brief [Docket #172] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2011.

        s/_____
        LYNN ADELMAN
        District Judge

5

Case 2:08-cv-00085-LA   Filed 09/06/11   Page 5 of 5   Document 187