UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MANPOWER INC.,
        Plaintiff,

v.                                    Case No. 08-C-0085

INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA,
        Defendant.

## DECISION AND ORDER

In my last order in this case, I concluded that Manpower could not recover under the difference-in-conditions ("DIC") policy issued by ISOP until it established that coverage is not available under the local policy issued by AIG-Europe. See Sept. 6, 2011 Dec. & Order, ECF No. 188. I stated that Manpower could establish that coverage is not available under the local policy by either obtaining a coverage ruling from the French court in which litigation concerning the local policy is pending or demonstrating in this court that its loss is not covered by the terms of the local policy. Manpower has chosen the latter option, and before me now is its motion for summary judgment on the scope of the local policy.

Manpower is trying to recover $2,925,102.30, which was the amount that Manpower (actually, Right Management, Manpower's French subsidiary) spent in order to replace the business personal property and improvements and betterments that it lost in the collapse of the rue de la Victoire building. The reader of my earlier orders will recall that this property was not physically damaged in the collapse. Rather, the collapse made it impossible for Manpower to access its offices in the building for an extended period of

time. Manpower thus leased new office space and purchased replacement business personal property and improvements and betterments. The question presented in the present motion is whether the local policy covers this loss of business personal property and improvements and betterments. If it does not, then Manpower can recover this loss from ISOP under the DIC policy, since, as I have already determined, the DIC policy covers the loss if the local policy does not. See Nov. 3, 2009 Dec. & Order at 12–16, ECF No. 79.

Like the DIC policy, the local policy contains an "all risk" clause, and the parties agree that the collapse of the rue de la Victoire building was an event within the scope of the all risk clause.[1] The issue is whether the local policy provides coverage when a covered event causes only a loss of use of covered property. Manpower argues that it does not. It points to its translation of Article 2 of the general conditions, which states that the local policy covers:

> 1 – <u>Physical Damage</u>, in other words, damages that may affect the structure or substance of the item caused by an insured event, affecting: [buildings, furniture, equipment, and other property].

(ECF No. 194-1 at ECF pp. 3–4.) Manpower argues that property that has not been physically altered in some way by a covered event is not physically damaged.

The fundamental problem with Manpower's interpretation of the policy is that it would mean that the policy does not cover theft, since one can steal property without physically altering it. A reasonable insured would expect theft to be covered by an all risk

---

[1]The local policy comprises two documents, the special conditions and the general conditions. An English translation of the special conditions (which the parties agree is accurate) is located at Exhibit 2 to the stipulated facts, ECF No. 193-2. The parties have not agreed on an English translation of the general conditions. Manpower's proposed translation is located at Exhibit A to its proposed material facts, ECF No. 194-1. For purposes of this motion, I will assume that Manpower's translation is accurate.
2

policy. And indeed, the presence in the local policy of an exclusion for "thefts committed without violence or threat to the person or without felonious entry into the areas" implies that the policy covers garden-variety theft. Moreover, the literal meaning of "damage" can, depending on the context in which it is used, encompass something like a loss of use. See Webster's Third New International Dictionary 517 (1986) (defining "damage" as "loss due to injury").[2] Here the surrounding context—which includes the insured's reasonable expectation that an all risk policy would cover theft and the presence of exclusions in the policy for certain kinds of theft—indicates that the term "damage" is being used in a way that includes a loss of property that does not involve physical alteration to that property.

Manpower points out that ISOP's policy covers "all risk of direct physical loss of or damage to" covered property, and that I drew a distinction between "physical loss" and "physical damage" when interpreting that policy. See Nov. 3, 2009 Dec. & Order at 12–13, ECF No. 79. Manpower argues that because the local policy mentions only "physical damage," under my reasoning it must be interpreted as excluding "physical loss." However, words can have different meanings in different contexts. Because ISOP used both "damage" and "loss" in its policy, it appeared that ISOP was using "damage" in a narrow sense that excluded "loss." In contrast, the local policy uses only "damage," and, as explained above, the surrounding context indicates that "damage" is being used in a broader sense that includes "loss." Thus, the ISOP policy and the local policy have the same scope. Both cover property losses even when the covered property has not been

---

[2]The original French term is "dommage," and no evidence in the record indicates that the meaning of "dommage" is in any relevant way different than the English word "damage."

3

Case 2:08-cv-00085-LA   Filed 04/13/12   Page 3 of 4   Document 200

physically altered by the covered event. Accordingly, there is no difference in conditions, and therefore Manpower is not entitled to recover the cost of its replacement business personal property and improvements and betterments under the ISOP policy.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that Manpower's motion for partial summary judgment (Docket #191) is **DENIED**. I believe that this resolves all outstanding issues in this litigation, and that it is appropriate to enter final judgment. If either party believes that further proceedings are necessary, it should advise me by letter within fourteen days of the date of this order.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2012.

s/_____
LYNN ADELMAN
District Judge